AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Dangelo Bonifacio-Reynoso, Antonio Rafael Carreno-Salazar, and Jesus Rafael Yuncoza-Nino | ) ) ) ) | 8:23MJ1456AAS |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of     April 17, 2023     in the county of     Hillsborough     in the

Middle     District of     Florida     , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b), and 21 U.S.C. § 960(b) (1)(B)(ii). | While aboard a vessel subject to the jurisdiction of the United States, did knowingly and willfully combine, conspire, and agree with each other and with other persons to distribute, and possess with the intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Robert A. Lauria, Special Agent
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date:   April 21, 2023

_____
*Judge's signature*

City and state:   Tampe, FL

AMANDA A. SANSONE, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Robert A. Lauria, being duly sworn, deposes and states the following:

1.    I am a Special Agent employed by the Federal Bureau of Investigation (FBI). I have been so employed with the FBI since March 30, 2008. Based on my training and experience as a Special Agent with FBI, I have conducted investigations concerning violations of Title 21, United States Code, Sections 959 and 960, which prohibit the production, transportation, importation, distribution and possession of illegal drugs, including cocaine, and violations of Title 46 Appendix, United States Code, Section 70503 (the Maritime Drug Law Enforcement Act), which prohibits drug trafficking on the high seas, including the possession with intent to distribute cocaine on vessels subject to the jurisdiction of the United States. Through these investigations, I have become familiar with the means and methods narcotics traffickers use to transport, import and distribute illicit drugs, as well as the support and assistance that narcotics organizations require to conduct their illegal activities.

2.    Since April of 2017, I have been assigned as a Special Agent to Operation Panama Express South Strike Force. Operation Panama Express is a federally approved Organized Crime Drug Enforcement Strike Force (OCDETF) investigation being conducted by the Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI), the United States Coast Guard (USCG), the Internal Revenue Service (IRS) and state and local law enforcement agencies. Investigations initiated by Operation Panama

Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate cocaine smuggling organizations that are responsible for the transportation of cocaine through international waters of the Caribbean Sea and Eastern Pacific Ocean (via vessel) to transshipment locations for later introduction and distribution to the United States.

3.    This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

a.    Dangelo **BONIFACIO-REYNOSO** (Dominican national)

b.    Antonio Rafael **CARRENO-SALAZAR** (Venezuelan national)

c.    Jesus Rafael **YUNCOZA-NINO** (Venezuelan national)

who knowingly and willfully conspired to possess with the intent to distribute one (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503 and 70506, and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4.    The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain

each and every fact known to me or other law enforcement agents concerning this investigation.

5.   The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

## PROBABLE CAUSE

6.   On or about April 17, 2023, while on routine patrol in the Caribbean Sea (CARIB), a Maritime Patrol Aircraft (MPA) located a suspect Go-Fast Vessel ("GFV") carrying three crew members, approximately 125 nautical miles ("NM") south of Puerto Rico, in international waters. The GFV did not display any indicia of nationality. The USS LITTLE ROCK was patrolling nearby and launched its helicopter ("HELO") and Rigid Hull Inflatable Boat ("RHIB") with an embarked U.S. Coast Guard Law Enforcement Detachment Team (LEDET) to intercept the vessel.

7.   The LEDET conducted a right of visit (ROV) boarding, during which it identified the master of the GFV as Dangelo BONIFACIO-REYNOSO, who declined to make a claim of nationality for the vessel. The vessel, therefore, was treated as a vessel without nationality and subject to the jurisdiction of the United States.

8. On board the vessel, the LEDET boarding team recovered approximately nineteen bales of suspected contraband with an estimated at sea weight of 570 kilograms. Subsequent narcotics identification kit testing conducted on the suspected contraband yielded positive results for the presence of cocaine.

9. The three crewmembers of the vessel were subsequently identified as Dangelo BONIFACIO-REYNOSO, Antonio Rafael CARRENO-SALAZAR, and Jesus Rafael YUNCOZA-NINO.

## CONCLUSION

10. Based on my training, experience, and knowledge of the investigation, I believe that there is probable cause to believe that the three defendants knowingly and willfully conspired with each other and other persons to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503 and 70506, Title 18, United States Code, Section 2, and Title 21, United States Code, Section 960(b)(1)(B)(ii), as described herein.

Robert A. Lauria, Special Agent
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this ___21___ day of April, 2023.

AMANDA A. SANSONE
United States Magistrate Judge

4